FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 16, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN RAY MCDOWELL, a.k.a. ALAN RAY JOHNSON,<br><br>                Plaintiff,<br><br>  v.<br><br>JOSHUA LANDRUS, CORY FANTO, SPOKANE COUNTY JAIL, WASHINGTON STATE CAPITAL CODE ADVISORY BOARD and NICHOLAS WIARDA,<br><br>                Defendants. | NO: 2:20-CV-18-RMP<br><br>ORDER DENYING MOTIONS |

BEFORE THE COURT are Plaintiff's Motion for Order to Provide Pro Se Rights at Geiger Corrections, ECF No. 7, six Motions for Discovery, ECF Nos. 12, 13, 14, 15, 16 & 17, two Motions to Recall No Contact Orders in Spokane Superior and Spokane District Courts, ECF Nos. 18 and 20, and a Motion for Preliminary Injunction, ECF No. 19. Plaintiff, a prisoner at Spokane County Detention Services, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. The Motions were considered without oral argument on the date signed

ORDER DENYING MOTIONS -- 1

below.

By separate Order the Court has advised Plaintiff of the deficiencies of his complaint asserting Washington's competency evaluations violate due process and directed him to amend or voluntarily dismiss. To the extent Plaintiff asks this Court to intervene in pending criminal matters in the State Courts, his requests will be denied based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

In his first motion, Plaintiff seeks "pro se rights and status at Geiger Correctional facility." ECF No. 7 at 1. It is unclear what Plaintiff is requesting.

In his accompanying declaration, Plaintiff asserts that "he is not being provided the same services such as public defender calls, visits, or police reports that other inmates are provided." ECF No. 8 at 1. He indicates that he has helped other inmates obtain police reports, write kites at the jail, and prepare documents for court. *Id.* at 4. To the extent Plaintiff is challenging the effectiveness of his assigned counsel, he should raise that issue in his pending criminal proceedings and in any appropriate petition seeking post-conviction review.

To the extent Plaintiff may be attempting to assert a Fourteenth Amendment equal protection claim, he has failed to present any facts from which the Court could infer that he is being treated differently than similarly situated persons. *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). In the absence of any basis for relief, the Court will deny the Motion for Order to Provide

ORDER DENYING MOTIONS -- 2

Pro Se Rights at Geiger Corrections, ECF No. 7.

## DISCOVERY

The Court will not conduct discovery. Federal Rules of Civil Procedure 26 through 37 govern the procedures for obtaining discovery material. Plaintiff should pay particular attention to Fed. R. Civ. P. 26.

In the event Plaintiff alleges facts sufficient for service upon Defendant(s), the parties will be directed to confer by telephone, as soon as practicable, and in any event at least 21 days before the telephonic scheduling conference with the Court (a notice will provide the date and time of such conference if service is deemed appropriate), to discuss the nature and basis of their claims and defenses, and the possibilities for a prompt settlement or resolution of the case. In the absence of settlement, the parties will be directed to propose a Discovery Plan and arrange for the following disclosures required by Fed. R. Civ. P. 26(a)(1):

(1) The name, address and telephone number (if known) of each individual likely to have information relevant to the claims and defenses alleged;

(2) A description and location of all documents and tangible items relevant to the claims and defenses alleged;

(3) A computation of monetary damages claimed, including any supporting documents for those damages.

Within 14 days after conferring by telephone, the attorneys of record and *pro se* litigants will be directed to submit to the Court a written report summarizing the disclosures under (1) through (3) and the proposed Discovery Plan. A PARTY

ORDER DENYING MOTIONS -- 3

MAY NOT SEEK DISCOVERY FROM ANY SOURCE BEFORE THE PARTIES HAVE CONFERRED AS OUTLINED ABOVE. Accordingly, Plaintiff's six Motions for Discovery, ECF Nos. 12, 13, 14, 15, 16, & 17, are denied.

### EXHIBITS

Plaintiff's has submitted various documents and exhibits to the Court. Exhibits should not be submitted with a complaint. Instead, the relevant information contained in an exhibit should be paraphrased in the complaint. Plaintiff should keep his exhibits to use to support or oppose a motion for summary judgment or a motion to dismiss, or for use at trial. The Court has reviewed Plaintiff's submissions and does not find it necessary at this time to incorporate them into his complaint as he requests.

### MOTION FOR PRELIMINARY INJUNCTION

Plaintiff seeks a "preliminary Federal injunction into Spokane Superior Court cases." ECF No. 19 at 1. He invites the Court to consider *Rynearson v. Ferguson*, 355 F.Supp. 3d 964, 2019 WL 859226 (W.D. Wash. 2019). Plaintiff's complaint, however, concerns the constitutionality of competency examinations, an issue not addressed in *Rynearson*. As stated above, the Court will not intervene in pending state criminal proceedings under *Younger* abstention.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff

ORDER DENYING MOTIONS -- 4

seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.  The motion is premature as the Court has not yet determined that Plaintiff has filed a legally sufficient complaint.  At this time, Plaintiff is unable to show that he is likely to succeed on the merits. Thus, the Motion for Preliminary Injunction, ECF No. 19, is denied.

**MOTIONS TO RECALL NO CONTRACT ORDERS**

Plaintiff appears to be asking this Court to intervene in state court proceedings to "recall" no contact orders obtained by a particular party.  ECF Nos. 18 at 1 & 20 at 1.  Violations of these no contact orders appear to be the basis for criminal charges currently pending against Plaintiff.  He also claims these no contact orders have denied him notice and access to public meetings he believes are necessary for the furtherance of his business endeavors.  ECF No. 20 at 1.  If Plaintiff wishes to challenge a no contact order issued by a state court, he should do so in the appropriate state court proceeding.

Again, this Court will not intervene in pending state court criminal proceedings based on *Younger* abstention.  Therefore, Plaintiff's Motions to Recall No Contact Orders in Spokane Superior and Spokane District Courts, ECF Nos. 18 and 20, are denied.

Accordingly, **IT IS ORDERED:**

**1.** Plaintiff's Motion for Order to Provide Pro Se Rights at Geiger Corrections, **ECF No. 7**, is **DENIED.**

**2.** Plaintiff's Motions for Discovery, **ECF Nos. 12, 13, 14, 15, 16 & 17**, are **DENIED.**

**3.** Plaintiff's Motions to Recall No Contact Orders in Spokane Superior and Spokane District Courts, **ECF Nos. 18 and 20**, are **DENIED.**

**4.** Plaintiff's Motion for Preliminary Injunction, **ECF No. 19**, is **DENIED.**

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide a copy Plaintiff.

**DATED** April 16, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge